That by said will she was to have all the household and kitchen furniture and one-half the personal estate of every kind, amounting in value to some three or four thousand dollars, and she and the said David White qualified as executrix and executor.
That about 17 July she (plaintiff) and the said David White, in contemplation of marriage, entered into a contract, which in substance is as follows, viz: "That the said Jane Hine is to have the entire disposal *Page 185 
of her own property, as her own judgment may see proper, at her death. If in case she should die before the said David White, then she doth give and allow him to hold for his benefit all my estate both real and personal his life time, and at his death the said property to be delivered up as I, Jane Hine, had directed it to be done; at my death. This obligation to be kept in good faith by both parties.
DAVID WHITE,
JANE HINE."
That, shortly after this agreement was made, the plaintiff and David White were married, and there came into his hands, to be held under the contract, money, notes and other personal property of considerable value.
That it was the intention of the contracting parties that all the property of the plaintiff should vest in herself, and not become the property of her husband.
That David White died in 1867, having made his will in which was contained the following clause, viz:
"Item. I direct that the existing marriage contract between myself and my present wife, signed by us respectively, be carried fully into effect."
The defendant was appointed executor of David White's will and was qualified as such, during the pending of the case in the (255) Superior Court.
The plaintiff Jane Hine died and the present plaintiff as collector was made party in her stead.
Judgment was demanded for a reformation of the contract, and for an account, etc.
Defendant admits the execution of the marriage articles referred to in the complaint, but insist that they are of no force or effect, in fact orin law. He denies several allegations in the complaint, and especially that his testator received into his hands the assets of the estate of Hine and the estate of plaintiff claimed under the will of said Hine. He claims that receipts were given by plaintiff to his testator before their marriage, viz: in 1857 for $4,456.85; 1858,$800; December, 1872, $325.65. He denies that the estate is accountable for $1,420 in cash.
Defendant insists that plaintiff disposed of most of the specific articles willed to her by her former husband. He says that under the will of his testator certain legacies were given her, and among other things certain notes belonging to Hine's estate, that certain other property *Page 186 
was likewise given her. That she executed receipts, which are exhibited, to him as executor, for the legacies of specific articles given to her under the will, and that she is estopped thereby, and should be compelled to elect. He denies his liability to account as demanded in the compliant, and insists upon various acts of the plaintiff, indicting an approval and an acquiescence in defendant's construction of the will.
His Honor delivered a written opinion, viz: "The Court declares its opinion to be that the contract entered into between Jane Hine and David White was intended by them as an ante-nuptial contract in regard to the estate owned by the said Jane Hine, and that David White was entitled to the use of the estate during his life, and that upon his death such portion thereof as was not consumed in its use, such as wheat, corn, etc., should revert to said Jane Hine as her separate estate, for her own exclusive use and benefit.
It is therefore ordered and decreed, that plaintiff recover, of (256) the defendant, that portion of the estate of said Jane which was received by said David White, with the exception of that consumed in the use, or was lost by death as aforesaid, and to this end that the matter be and is hereby declared to be referred to John A. McDonald, to take an account of the estate of said Jane," etc.
From this judgment defendant appealed.
1. His Honor does not undertake to reform the marriage contract, but puts a construction upon it. We concur in the view taken by him as to the legal effect of the contract.
2. The testator directs "the marriage contract to be carried fully into effect," and, in addition to what his wife is entitled to under the contract, gives her certain legacies. So a case for election is not presented; the wife does not claim under and against the will, but derives her title, under the will, and the contract, which is incorporated and made a part of the will.
3. The receipts although under seal, do not have the legal effect of "a lease" or any right, but being specific, must be confined to the subject of the receipts, and can have no further effect. In this point of view they are treated in the order for an account "as credits" for payments made by defendant, under the will. Decretal order affirmed.
PER CURIAM. Affirmed. *Page 187 
(257)